[Crim. No. 11082.   Second Dist., Div. Four.   Feb. 11, 1966.]

THE PEOPLE, Plaintiff and Respondent, v. ALBERT PADILLA, Defendant and Appellant.

John R. Liebman, under appointment by the District Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Jack K. Weber, Deputy Attorney General, for Plaintiff and Respondent.

KINGSLEY, J.—Defendant was charged (Count I) with possession of heroin for sale, in violation of section 11500.5 of the Health and Safety Code, and (Count II) with possession of marijuana, in violation of section 11530 of the Health and Safety Code. A prior felony conviction was also charged. After a trial, he was found guilty on both counts; a motion for a new trial was made and was granted on the ground of an error of law. On the retrial, jury was duly waived; he was found guilty on both counts and the prior conviction was found to be true as alleged; probation was waived and he was sentenced to state prison. He has appealed.

At defendant's request, we appointed counsel for him on this appeal. The appointed counsel has filed with us a report, in which he advises us that he can find no meritorious grounds for reversal. We have made our own examination of the record; although, as hereinafter appears, we find one

point which deserves discussion, we also conclude that there is no ground for reversal.

■ Acting on an anonymous tip, two police officers went to a rooming house where they were advised defendant lived. The landlady verified that fact and told the officers that defendant rented room 10, which was on the second floor, at the corner. One officer stationed himself on the ground, outside the rooming house and directly beneath the windows of room 10. The other officer knocked on the door of the room, identified himself, and demanded admittance. The officer heard sounds similar to those of a window being opened and then heard his partner call out: "It is raining balloons. Kick the door in." Believing, on the basis of his prior experience as a narcotic officer, that defendant was throwing heroin out of the window, the officer forced the door part way open. The door was blocked by a chair underneath the doorknob, but it opened "a few inches" and the officer could see defendant standing in the room. Defendant then walked to the door and opened it. Defendant was placed under arrest and the room searched. The search disclosed heroin, empty balloons, and sundry articles of the kind usually employed in cutting and packaging heroin; it also disclosed a newspaper bindle containing marijuana. The officers retrieved the articles thrown from the window, namely at least 12 balloons containing heroin, a plate with a white powder on it and a medicine dropper with a hypodermic needle attached.

Clearly, on the basis of the tip given them, the officers were entitled to seek out defendant and question him. (*People* v. *Mickelson* (1963) 59 Cal.2d 448 [30 Cal.Rptr. 18, 380 P.2d 658].) ■ The actions of defendant, after the officer knocked on his door, and the nature of the articles thrown out of the window, gave more than reasonable cause for the forcible entry and search. ■ And the articles found more than support the finding of guilt on both counts.

■ At the trial, defendant urged that the evidence did not support a finding of possession on the part of defendant because another person, a woman, was also found in the room. But it is not denied that the room was that of defendant nor that, except for the clothing worn by his woman companion, and some women's effects in an opened suitcase, there was no evidence of any occupancy of the room by any person other than defendant. No possessions other than male clothing and effects were found in the bureau from which most of the incriminating material was taken; the other

articles found were in plain sight on a coffee table or on the bed. To say that this evidence did not support a finding that defendant was—at least—in joint possession is ridiculous.

One point requires further discussion. In summing up the case, the trial court said: ''There are five different factors that persuade me that the defendant should be found guilty: The room is registered to him; he is a known user; that when his name is called after a knock on the door the balloons containing the contraband are thrown from the window, and that the contraband, additional contraband, is found in a drawer which appears to be exclusively used for the man's effects, and that all of the women's effects are found in two suitcases on the cot in the room. It leads me to believe this is a man's room used primarily by a man and the contraband in the drawer is that of the person who is in possession and control of the room, namely, the defendant. In addition to all this, which is most convincing, I am impressed by the defendant not taking the stand and indicating that the matter is not his.

''The defendant will be found guilty as charged.''

The case was tried and decided on April 1, 1965, a date one month prior to the decision in *Griffin* v. *California* (1965) 380 U.S. 609 [85 S.Ct. 1229, 14 L.Ed.2d 106], which was filed on April 28, 1965. In light of that decision, the comment on failure to testify was error. But such a comment does not require a reversal of the judgment unless it was prejudicial (*People* v. *Bostick* (1965) 62 Cal.2d 820 [44 Cal.Rptr. 649, 402 P.2d 529]). To hold it prejudicial in this case we would have to find that the trial court was influenced by defendant's failure to testify to such a degree as to have affected his ultimate determination of guilt. Here the evidence against defendant was so overwhelming that, as the trial judge's own language indicates, the failure to testify was a mere make-weight. We cannot say that, whether tested by the rule set forth in *People* v. *Watson* (1956) 46 Cal.2d 818, 835 [299 P.2d 243], or by that set forth in *Fahy* v. *Connecticut* (1963) 375 U.S. 85, 86-87 [84 S.Ct. 229, 11 L.Ed.2d 171], there was such prejudice as to require a reversal.

The judgment is affirmed.

Files, P. J., and Jefferson, J., concurred.